## E. E. BARLOW v. THE STATE.

### No. 2670. Decided April 13, 1904.

**Stock Law.**

Where a petition to the commissioners court asking for an election whether or not stock shall run at large was filed at 10:30 a. m. on the first day of the term of said court and the court convened at 1:30 p. m. of the same day and ordered the election, the same was invalid, as the statute provides that the order shall be made at the next term after filing of the petition.

Appeal from the County Court of Williamson. Tried below before Hon. Chas. A. Wilcox.

Appeal from a conviction for violating the stock law; penalty, a fine of $5.

The opinion states the case.

*W. A. Barlow,* for appellant.—It is insisted by appellant that the commissioners court in passing an order for an election by which a law is to be brought into force in any part of the State is acting to that extent in a legislative capacity and must strictly conform to the requirements of the statute in order to give their acts effect. It is further contended that since the commissioners court passed the order for the election during the same term at which the petition was filed that said court acted without authority, that said order was void and that all the acts based upon said order were without authority and therefore void, and that no law prohibiting the running at large of stock was in force in said subdivision at the time appellant is alleged to have permitted his stock to run at large and hence he violated no law in so doing. Rev. Stats., chap. 5a, art. 5001c, sec. 4; Sayles' Civ. Stats., Appendix; Sayles' Civ. Stats., art. 1552; Lipari v. State, 19 Texas Crim. App., 431; Robertson v. State, 70 S. W. Rep., 542.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted for violating the stock law. The admitted facts show that the petition to the commissioners court asking for the election was filed at 10:30 a. m. on the first day of the term of the county commissioners court. This was a term fixed by law. It is further an admitted fact that the court did not in fact convene until 1:30 p. m. of the same day. Over appellant's objection it was shown that the custom of that court was to meet at 1:30 o'clock. It would be immaterial whether it was the custom of the court to meet or not; it could not change the law for the term, for under the statute it began on that day without fixing the hour for convening. The statute provides that the election to decide whether or not stock shall run at large shall be ordered at the next term after filing the petition. It can not be ordered at the term at which the petition is filed. Under the

authority of Robertson v. State, 6 Texas Ct. Rep., 20, the order of the commissioners court was illegal.

The judgment is therefore reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*